# CT Corporation

**Service of Process Transmittal**
06/25/2015
CT Log Number 527360326

**TO:** Meg Madich
Kellett Investments
200 Galleria Pkwy SE Ste 1800
Atlanta, GA 30339-5946

**RE:** **Process Served in Kentucky**

**FOR:** Bardstown Medical Investors, Ltd. (Domestic State: GA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Angela Hardin, Executrix of the Estate of Cecilia Joan Flahiff, Pltf. vs. Bardstown Medical Investors, Ltd., etc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Nelson Court Circuit Court, KY<br>Case # 15CI00380 |
| **NATURE OF ACTION:** | Medical Injury - Improper Care and Treatment - 07/02/2014 - Life Care Center of Bardstown - 12 Life Care Way, Bardstown, KY 40004 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Frankfort, KY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 06/25/2015 postmarked on 06/22/2015 |
| **JURISDICTION SERVED:** | Kentucky |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days following delivery |
| **ATTORNEY(S) / SENDER(S):** | Jeffrey T. Sampson<br>The Sampson Law Firm<br>450 South Third Street<br>4th Floor<br>Louisville, KY 40202<br>502-584-5050 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 780883140104 |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 306 W. Main Street<br>Suite 512<br>Frankfort, KY 40601 |
| **TELEPHONE:** | 717-234-6004 |

Page 1 of 1 / TT

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



U.S. POSTAGE >> PITNEY BOWES

ZIP 40004 $012.32⁵
02 1W
0001375993 JUN 22 2015

**CERTIFIED MAIL®**

9414 7266 9904 2953 2858 81
RETURN RECEIPT REQUESTED

CT CORPORATION SYSTEM
306 W. MAIN STREET, SUITE 512
FRANKFORT, KENTUCKY 40601

DIANE THOMPSON
CIRCUIT COURT CLERK
NELSON CIRCUIT & DISTRICT C
NELSON COUNTY JUSTICE CENT
200 NELSON COUNTY PLAZA
BARDSTOWN, KENTUCKY 40004

15-CI-00380

| AOC-105    Doc. Code: CI
Rev. 1-07
Page 1 of 1
Commonwealth of Kentucky
Court of Justice   www.courts.ky.gov
CR 4.02; CR Official Form 1 | 

CIVIL SUMMONS | Case No. 15-CI-00380
Court ☑ Circuit ☐ District
County Nelson |
|---|---|---|

**PLAINTIFF**

ANGELA HARDIN, EXECUTRIX OF THE ESTATE OF CECILIA JOAN FLAHIFF

VS.

**DEFENDANT**

BARDSTOWN MEDICAL INVESTORS, LTD. d/b/a LIFE CARE CENTER OF BARDSTOWN

120 LIFE CARE WAY

BARDSTOWN        Kentucky        40004

**Service of Process Agent for Defendant:**

CT CORPORATION SYSTEM

306 WEST MAIN STREET

SUITE 512

FRANKFORT                          Kentucky        40601

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or** by **an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: 6/22, 2015         By: Diane Thompson    Clerk
                              JEK               D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

this _____ day of _____, 2_____.

Served by: _____

_____ Title

NO. 15-CI-00380                  NELSON CIRCUIT COURT
                                                                                       DIVISION II

**ANGELA HARDIN, EXECUTRIX OF**
**THE ESTATE OF CECILIA JOAN FLAHIFF**                  **PLAINTIFF**

## COMPLAINT

**BARDSTOWN MEDICAL INVESTORS, LTD.**
**d/b/a LIFE CARE CENTER OF BARDSTOWN**                **DEFENDANT**

     Serve:       CT Corporation System
                        306 W. Main Street, Suite 512
                        Frankfort, Kentucky 40601

         Comes the Plaintiff, Angela Hardin, Executrix of the Estate of Cecilia Joan Flahiff, and for her cause of action against the Defendant states as follows:

         1. Angela Hardin is the daughter of Cecilia Flahiff and a resident of New Haven, Nelson County, Kentucky.

         2. Angela Hardin is the Executrix of the Estate of Ceclilia Joan Flahiff, and therefore, brings this action on her behalf. A copy of the Order Appointing Executrix is attached hereto and marked as Exhibit A.

         3. Upon information and belief, Cecilia Flahiff was admitted as a resident of Life Care Center of Bardstown located at 120 Life Care Way, Bardstown, Kentucky 40004 on January 2, 2014. Cecilia Flahiff remained a resident there until she was transported to Flaget Memorial Hospital on July 2, 2014, as a result of the injuries he sustained while a resident of Life Care Center of Bardstown.

         4.      The Defendant, Bardstown Medical Investors, Ltd. d/b/a Life Care Center of Bardstown is a foreign ULPA limited partnership organized under the laws of Georgia authorized to do business in the Commonwealth of Kentucky, with its principal office located at 1935 Garraux

Filed: 6/22/15
DIANE THOMPSON, Clerk
Nelson Circuit & District Courts
By: _____ Deputy Clerk

Road, Atlanta, Georgia 30327. Upon information and belief, at all times material to this action, Defendant Bardstown Medical Investors, Ltd. owned, operated, managed, controlled, and/or provided services for Life Care Center of Bardstown in Bardstown, Nelson County, Kentucky. Upon information and belief, Defendant Bardstown Medical Investors, Ltd. was, at all times material to this action, the "licensee" of the nursing facility. Under the laws and regulations promulgated and enforced by the Cabinet for Health and Family Services, as licensee of the facility, Bardstown Medical Investors, Ltd. was legally responsible for that facility and for ensuring compliance with all laws and regulations related to the operation of the facility. The causes of action made the basis of this suit arise out of such business conducted by said Defendant, Bardstown Medical Investors, Ltd. in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Cecilia Flahiff. The registered agent for service of process of Bardstown Medical Investors, Ltd. d/b/a Life Care Center of Bardstown is CT Corporation System, 306 West Main Street, Suite 512, Frankfort, Kentucky 40601.

5. The Defendant controlled the operation, planning, management, budget and quality control of Life Care Center of Bardstown. The authority exercised by Defendant over the nursing facility included, but was not limited to, control of marketing, human resources management, training, staffing, creation, and implementation of all policies and procedures used by nursing facilities in Kentucky, federal and state reimbursement, quality care assessment and compliance, licensure and certification, legal services, and financial, tax and accounting control through fiscal policies established by Defendant.

6. Jurisdiction and venue are proper in this Court.

## FACTUAL ALLEGATIONS

7. Cecilia Flahiff was a resident of Life Care Center of Bardstown from January 2, 2014 until July 2, 2014..

8. Cecilia Flahiff was looking to Defendant for treatment of her total needs for custodial, nursing and medical care and not merely as a site where others not associated with the facility would treat her.

9. At all relevant times mentioned herein, the Defendant owned, operated, managed and/or controlled Life Care Center of Bardstown, either directly, through a joint enterprise, partnership and/or through the agency of each other and/or other diverse subalterns, subsidiaries, governing bodies, agents, servants or employees.

10. Defendant is directly or vicariously liable for any acts and omissions by any person or entity, controlled directly or indirectly, including any governing body, officer, employee, ostensible or apparent agent, partner, consultant or independent contractor, whether in-house or outside individuals, entities or agencies.

11. Defendant failed to discharge its obligation of care to Cecilia Flahiff with a conscious disregard for her rights and safety. At all times mentioned herein, Defendant, through their corporate officers and administrators, had knowledge of, ratified and/or otherwise authorized all of the acts and omissions that caused the injuries suffered by Cecilia Flahiff, as more fully set forth below. Defendant knew that this facility could not provide the minimum standard of care to the weak and vulnerable residents of Life Care Center of Bardstown.

12. Due to the wrongful conduct of Defendant, Cecilia Flahiff suffered accelerated deterioration of her health and physical condition beyond that caused by the normal aging process, as well as the following injuries:

a) Skin breakdown;

b) Pressure ulcers;

c) Dehydration;

d) Loss of use of upper extremities;

e) Respiratory failure;

f) Urinary tract infections;

g) Pneumonia;

h) Injurious falls;

i) Hypoxemia;

j) Severe sepsis;

k) Cervical fracture; and

l) Death.

## NEGLIGENCE

13. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 - 12 as if fully set forth herein.

14. Defendant owed a non-delegable duty to Cecilia Flahiff to provide the custodial care, services and supervision that a reasonably careful nursing home would provide under similar circumstances.

15. Upon information and belief, Defendant knowingly developed and maintained staffing levels at the facility in disregard of patient acuity levels as well as the minimal time to perform the essential functions of providing care to Cecilia Flahiff.

16. Defendant negligently failed to deliver care, services and supervision, including, but not limited to, the following acts and omissions:

a) Failure by the members of the governing body of the facility to discharge their legal and lawful obligation by:

1) ensuring that the rules and regulations designed to protect the health and safety of the residents, such as Cecilia Flahiff, as promulgated by the Cabinet for Health and Family Services, Division of Long Term Care;

2) ensuring compliance with the resident care policies for the facility; and

3) ensuring that appropriate corrective measures were implemented to correct problems concerning inadequate resident care.

b) Failure to provide a facility that was sufficiently staffed with personnel that was properly qualified and trained;

c) Failure to provide the minimum number of qualified personnel to meet the total needs of Cecilia Flahiff;

d) Failure to maintain all records on Cecilia Flahiff in accordance with accepted professional standards and practices;

e) Failure to ensure that Cecilia Flahiff received adequate and proper nutrition, fluids, supervision, therapeutic, and skin care;

f) Failure to increase the number of personnel at the facility to ensure that Cecilia Flahiff received timely and appropriate custodial care, including, but not limited to, bathing, grooming, incontinent care, personal attention and care to her skin, feet, nails, and oral hygiene;

g) Failure to have in place adequate guidelines, policies and procedures of the facility and to administer those policies through enforcement of any rules, regulations, by-laws or guidelines;

h) Failure to take all necessary and reasonable custodial measures to prevent the onset and progression of pressure sores during Cecilia Flahiff's residency;

i) Failure to monitor or increase the number of nursing personnel at the facility to ensure that Cecilia Flahiff:

1) received timely and accurate care assessments;

2) received prescribed treatment, medication and diet; and

   3) received timely custodial, nursing and medical intervention due to a significant change in condition.

j) Failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care at the facility;

k) Failure to provide a safe environment for care, treatment and recovery, and to exercise ordinary care and attention for the safety of Cecilia Flahiff in proportion to her particular physical and mental ailments, known or discoverable by the exercise of reasonable skill and diligence;

l) Failure to provide adequate hygiene and sanitary care to prevent infection; and

m) Failure to provide proper custodial care.

17. A reasonably careful nursing facility would not have failed to provide the care listed above. It was foreseeable that these breaches of ordinary care would result in serious injuries to Cecilia Flahiff. With regard to each of the foregoing acts of negligence, Defendant acted with oppression, fraud, malice or was grossly negligent by acting with wanton or reckless disregard for the health and safety of Cecilia Flahiff.

18. Pursuant to KRS 446.070, Plaintiff also alleges Defendant violated statutory and regulatory duties of care, the violations of which are actionable as negligence *per se*. Cecilia Flahiff was injured by the statutory violations of Defendant and was within the class of persons for whose benefit the statutes were enacted and who was intended to be protected by these statutes. The negligence *per se* of Defendant included, but is not limited to, violation(s) of the following:

a) Violation(s) of KRS 209.005 et seq. and the regulations promulgated thereunder, by abuse, neglect and/or exploitation of Cecilia Flahiff;

b) Violation(s) of KRS 508.090 *et seq.*, criminal abuse, by committing intentional, wanton or reckless abuse of Cecilia Flahiff, who was physically helpless or mentally helpless or permitting Cecilia Flahiff, a person of whom Defendant had actual custody, to be abused. Such abuse caused serious physical injury, placed Cecilia Flahiff in a situation that might cause her serious physical injury, and/or caused torture, cruel confinement or cruel punishment of Cecilia Flahiff.

    c)    Violation(s) of KRS 530.080 et seq., endangering the welfare of an incompetent person, by knowingly acting in a manner which resulted in an injury to the physical and/or mental welfare of Cecilia Flahiff, who was unable to care for herself because of her illness;

    d)    Violation(s) of KRS 506.080, criminal facilitation of criminal act(s), by acting with knowledge that another person or entity was committing one or more of the foregoing criminal acts or intending to commit one or more of the foregoing criminal acts, and engaged in conduct which knowingly provided another person or entity the means or opportunity for the commission of such criminal act(s) and which in fact aided another person or entity to commit the criminal act(s); and/or

    e)    Violation(s) of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of KRS Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

19. As a direct and proximate result of such grossly negligent, wanton or reckless conduct, Cecilia Flahiff suffered the injuries described in Paragraph 12. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against the Defendant including, but not limited to, medical expenses, pain and suffering, mental anguish, disability, disfigurement and loss of life, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

## CORPORATE NEGLIGENCE

20. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 – 19 as if fully set forth herein.

21. Cecilia Flahiff was looking to Defendant's facility for treatment of her physical ailments and not merely as the situs where others not associated with the facility would treat her for her problems. There is a presumption that the treatment Cecilia Flahiff received was being

rendered through employees of Defendant and that any negligence associated with that treatment would render Defendant responsible. Defendant or persons or entities under its control, or to the extent Defendant was vicariously liable through the ostensible or apparent agency of others, owed a non-delegable duty to residents, including Cecilia Flahiff, to use the degree and skill which is expected of reasonably competent medical practitioners acting in the same or similar circumstances.

22. Defendant owed a non-delegable duty to assist Cecilia Flahiff in attaining and maintaining the highest level of physical, mental and psychological well-being.

23. Defendant owed a duty to Cecilia Flahiff to maintain its facility; including providing and maintaining medical equipment and supplies; and hiring, supervising and retaining nurses and other staff employees.

24. Defendant owed a duty to Cecilia Flahiff to have in place procedures and protocols that properly care for residents and to administer these policies through enforcement of any rules, regulations, by-laws or guidelines, which were adopted by Defendant to insure smoothly run facilities and adequate resident care.

25. Defendant owed a duty to Cecilia Flahiff to provide a safe environment, treatment and recovery, and to exercise ordinary care and attention for the safety of residents in proportion to the physical and mental ailments of each particular resident, known or discoverable by the exercise of reasonable skill and diligence. The duty of reasonable care and attention extended to safeguarding Cecilia Flahiff from danger due to her inability to care for herself. Defendant had a duty to protect Cecilia Flahiff from any danger which the surroundings would indicate might befall her in view of any peculiar trait exhibited by her or which her mental condition or aberration would suggest as likely to happen.

26. With regard to each of the foregoing acts of negligence, Defendant acted with oppression, fraud, malice, or was grossly negligent by acting with wanton or reckless disregard for the health and safety of Cecilia Flahiff.

27. As a direct and proximate result of such oppression, fraud, malice, or gross negligence, Cecilia Flahiff suffered the injuries described herein. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Defendant including, but not limited to, medical expenses, pain and suffering, mental anguish, disfigurement, hospitalization, and unnecessary loss of personal dignity, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

## VIOLATIONS OF LONG TERM CARE RESIDENT'S RIGHTS

28. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 – 27 as if fully set forth herein.

29. Defendant violated statutory duties owed to Cecilia Flahiff as a resident of a long term care facility, Kentucky Revised Statutes 216.510 *et seq.* These statutory duties were non-delegable.

30. The violations of the resident's rights of Cecilia Flahiff include:

   a) Violation of the right to be treated with consideration, respect, and full recognition of hus dignity and individuality;

   b) Violation of the right to have a responsible party or family member or her guardian notified immediately of any accident, sudden illness, disease, unexplained absence, or anything unusual involving the resident;

   c) Violation of the right to have an adequate and appropriate resident care plan developed, implemented and updated to meet her needs;

      d)    Violation of the right to be free from abuse and neglect; and

      e)    Violation of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of K.R.S. Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

31.    As a result of the aforementioned violations of the Resident's Rights Statutes by Defendants, pursuant to K.R.S. § 216.515(26), Plaintiff is entitled to recover actual damages in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees.

32.    With regard to the aforementioned violations of the Resident's Rights Act, Defendant acted with oppression, fraud, malice, or were grossly negligent by acting with wanton and reckless disregard for the rights of Cecilia Flahiff and, pursuant to K.R.S. § 216.515(26), Plaintiff is entitled to punitive damages from Defendant in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees.

## DAMAGES

33.    Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 – 32 as if fully set forth herein.

34.    As a direct and proximate result of the negligence of the Defendant as set out above, Cecilia Flahiff suffered injuries including, but not limited to, those listed herein. As a result, Cecilia Flahiff suffered embarrassment, physical impairment, and great pain and suffering, both physical and mental.

35.    Plaintiff seeks punitive and compensatory damages against the Defendant in an

amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Angela Hardin, Executrix of the Estate of Cecilia Flahiff, prays for judgment against Defendant in an amount to be determined from the evidence, the costs herein expended, and all other relief to which Plaintiff is entitled, including TRIAL BY JURY.

Respectfully submitted,

/s/ Jeffrey T. Sampson
Jeffrey T. Sampson
THE SAMPSON LAW FIRM
450 South Third Street, 4th Floor
Louisville, Kentucky 40202
Telephone:    (502) 584-5050

Attorney for Plaintiff

| | | |
|---|---|---|
| From: (214) 932-3601<br>Beatrice Casarez-Barrientez<br>CT - Dallas SOP Team<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 | Origin ID: KIPA <br><br>J151215022303uv | Ship Date: 25JUN15<br>ActWgt: 1.0 LB<br>CAD: 104579860/WSXI2800<br><br>Delivery Address Bar Code<br><br>Ref # SOP/1403403/527360326/Beatrice Casa<br>Invoice #<br>PO #<br>Dept # |
| SHIP TO: (770) 563-8208         BILL SENDER<br>Meg Madich<br>Kellett Investments<br>200 Galleria Pkwy SE Ste 1800<br>-<br>Atlanta, GA 30339 | | MON - 29 JUN AA<br>** 2DAY **<br><br>TRK# 7808 8314 0104<br>0201<br><br>     30339<br>                              GA-US<br>                              ATL |



537J1/8A0E/EE4B

**CT Packing Slip**

**CT Corporation**

FedEx Tracking # : 780883140104
Created By : Terri Thongsavat
Created On : 06/25/2015 03:55 PM
Recipient : Meg Madich

| | |
|---|---|
| Title : | -- |
| Customer : | Kellett Investments |
| Address : | 200 Galleria Pkwy SE Ste 1800 |
| Email : | meg@kellettinv.com |
| Phone : | 770-563-8208   Fax : 770-956-7412 |

Package Type : Envelope
Items shipped : 1

| Log # | Case # | Entity Name |
|---|---|---|
| 527360326 | 15CI00380 | Bardstown Medical Investors, Ltd. |